1  Kurt F. Vote, # 160496                                    (SPACE BELOW FOR FILING STAMP ONLY)
   McCormick, Barstow, Sheppard,
2  Wayte & Carruth LLP
   P.O. Box 28912
3  5 River Park Place East
   Fresno, CA  93720-1501
4  Telephone:   (559) 433-1300
   Facsimile:   (559) 433-2300
5
   Attorneys for Petitioner
6  KIM-C1, LLC, a California
   limited liability company
7

8                         UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA (FRESNO DIVISION)

10

11 | KIM-C1, LLC, a California            | Case No.  1:10-CV-591-AWI DLB
   | limited liability company,           |
12 |                                      | **OPPOSITION TO RESPONDENT'S
   |             Petitioner,              | APPLICATION FOR CONTINUANCE OF
13 |                                      | HEARING ON PETITION TO CONFIRM
   | v.                                   | ARBITRATION AWARD; DECLARATION
14 |                                      | OF KURT F. VOTE RE SAME**
   | VALENT BIOSCIENCES                   |
15 | CORPORATION, INC., an Illinois       | Petitioner's Hearing:
   | corporation,                         |
16 |                                      | Date:   June 7, 2010
   |             Respondent.              | Time:   1:30 p.m.
17 |                                      | Ctrm:   2 (Chief Judge Ishii)

18

19         Petitioner KIM-C1, LLC, a California limited liability company ("Petitioner")

20 submits the following Memorandum of Points and Authorities in Opposition to the Application

21 filed by Respondent VALENT BIOSCIENCES CORPORATION, INC., an Illinois corporation

22 ("Respondent") for a Continuance of the Hearing on Petitioner's Petition to Confirm Arbitration

23 Award, now set for June 7, 2010 at 1:30 p.m. before this Court.

24

25

26

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

*** OPPOSITION TO RESPONDENT'S APPLICATION FOR CONTINUANCE OF HEARING ***

I

INTRODUCTION

Respondent, seeking to profit from its unseemly and premature race to the courthouse in Illinois, asks the Court to continue the duly-noticed hearing on Petitioner's Petition to Confirm the Arbitration Award at issue herein; moreover, Respondent seeks said continuance without providing the good cause required by FRCP 6 and Local Rule 230(f). In fact, Respondent's proffered basis for the continuance relies entirely on the Court prejudging the merits of Respondent's Motion to Dismiss – in the vain assumption that if the Motion to Dismiss is granted there will be no need for the hearing on the Petition to Confirm.

Contrary to Respondent's assertions, the Illinois court has not set a hearing date (or even a briefing schedule) for the matters pending before it. In addition, Respondent ignores the fact that the Illinois action was prematurely filed. Moreover, there are serious jurisdictional issues present in the Illinois matter which may result in a dismissal of that action without a decision on the merits.

In this case, there are no perceived savings to the Court or the parties if the hearing on Petitioner's Petition were to be delayed. There is no good cause for a delay because any arguments Respondents may wish to raise in opposition to the confirmation of the Award can be raised when its opposition brief is filed in this matter on May 24. Should the Illinois court in fact have jurisdiction to hear this matter, the same arguments can be raised at a later time by Respondent in that court. However, if the hearings here go forward as scheduled, this Court can issue a single Order disposing of the Motion to Dismiss and the Petition to Confirm upon the conclusion of the scheduled hearing on June 7. Such an order would moot the Illinois proceedings and would, in fact, conserve the parties' resources.

For all of the reasons to be set forth in more detail hereafter, Petitioner respectfully requests that the Court deny Respondent's Application entirely.

II

LAW AND ARGUMENT

A. Respondent Cannot Establish That The Illinois Action Will Be Decided Before This One.

Contrary to Respondent's assertion, the Illinois action will not be decided before this one because a briefing schedule has not even been set in that case. (Declaration of Kurt F. Vote ["Vote Decl."], *infra*, at ¶ 2.)  Moreover, no hearing date has been selected by the Court in Illinois (*Id*.); therefore, Respondent's argument that this Court should defer ruling because the Illinois court may resolve this case first is simply unsupported.

B. Respondent Seeks To Profit From Its Premature Filing In Illinois.

Respondent makes much of the fact that the action it commenced in Illinois was filed before this case was filed.  The implicit, if not express, argument from Respondent is that this Court should defer to the Illinois court because that action was first filed.  Respondent fails to disclose the fact that its claimed "priority" by virtue of the Illinois action was obtained as a result of an unseemly and premature rush by Respondent to the courthouse.

The Interim Award of the Arbitrator, which was issued January 29, 2010 and is attached as Exhibit 1 to Respondent's Motion to Dismiss on file in this action, expressly provided that the Interim Award would be superseded by a Final Award (page 8, lines 8-9) and that the Interim Award would *not* be subject to confirmation in any court (page 8, lines 10-11). Notwithstanding the interim nature of that award, Respondent --  no doubt seeing the proverbial "writing on the wall" -- elected to file the Illinois action on March 22, 2010 – eight (8) days before the issuance of the Final Award.[1]  By accepting Respondent's argument that deference is to be owed to the Illinois action due to its "priority", the Court would be rewarding Respondent for its premature filing and encouraging such tactics in the future.

---

[1]  The Final Award, which was issued on March 30, 2010, is attached as Exhibit B to Petitioner's Petition to Confirm on file herein.  Petitioner filed this action on March 31, 2010 – after the issuance of the Final Award.  Petitioner contends that this action is the first timely filed matter and that any paid deference should be paid to these proceedings.

3

*** OPPOSITION TO RESPONDENT'S APPLICATION FOR CONTINUANCE OF HEARING ***

C. Respondent's Jurisdiction Argument Is Fatally Flawed.

Leaving aside Respondent's discredited arguments on the priority of these cases, Respondent next alleges that this Court lacks jurisdiction to make any orders in this matter. Not only does such an argument presuppose the outcome of Respondent's Motion to Dismiss and ignore the provisions of the parties' agreement and the Federal Arbitration Act, it also attempts to avoid the jurisdictional infirmities of the Illinois action.

1. Jurisdiction Is Proper In This Court Both Under The Parties' Agreement And The Federal Arbitration Act.

Respondent erroneously focuses solely on the choice of laws provision in the general terms of the parties' Agreement while ignoring the specific language of the ADR provisions – which state that the Final Award may be confirmed "in *any* court having jurisdiction". (Agreement, attached as Exhibit A to Petition to Confirm Award, Exhibit 5.0, ¶ 9 thereof [emphasis added].) This Court has jurisdiction under the Federal Arbitration Act because the parties are of diverse citizenship and "a substantial part of the events or omissions giving rise to the claim" occurred within this district. (28 USC § 1391.) Therefore, by virtue of the Federal Arbitration Act and the specific grant of jurisdiction to "any court having jurisdiction" in the ADR provisions of the Agreement, this Court has jurisdiction to hear this matter.

2. The Illinois Court Lacks Jurisdiction.

Respondent, while arguing strenuously in favor of deferring to the Illinois court as part of the choice of Illinois law to govern the Agreement, fails to acknowledge that Illinois law in fact provides no jurisdiction for the Illinois court.

Illinois is one of 40 states that have adopted the Uniform Arbitration Act. (*See* Uniform Laws Annotated, Business and Financial Laws, Vol. 7 Part IA, p. 1, 99 (West 2009).) The Illinois version of the Uniform Arbitration Act provides that "the making of an agreement … providing for arbitration in this State confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder." (735 ILL. COMP. STAT. 5/16.)

Illinois courts have interpreted this language as a "prerequisite to the circuit court's exercise of jurisdiction over an application seeking judgment on an award …." (*CPM Productions, Inc. v. Mobb Deep,* 318 Ill. App. 3d. 369, 373 (1st Dist. 2000).)

In defining the precise contours of this jurisdictional requirement, courts have noted that the "express aim" of the Uniform Arbitration Act is to "make uniform the law of those states which enact it." (*Id.; accord State ex rel. Tri-City Constr. Co. v. Marsh*, 668 S.W.2d 148, 151 (Mo.Ct. App.1984).)

With this directive in mind, the Illinois Supreme Court has cited favorably to a Missouri Court of Appeals decision that considered how subject matter jurisdiction should be determined where the arbitration agreement is silent as to the location of the arbitration. (*Chicago Southshore & South Bend R.R. v. Northern Indiana Commuter Trans. Dist.*, 184 Ill.2d 151, 157 (1998), *citing Tri-City Construction,* 668 SW.2d at 151.)

The Illinois Supreme Court noted:

> "[C]ourts have jurisdiction to confirm an arbitration award whenever the agreement either provides for arbitration to take place within [Illinois] or, absent specific agreement, when arbitration is undertaken with the consent of the parties within [Illinois]."

*(Chicago Southshore,* 184 Ill.2d at 157 (1998).)

The Indiana Supreme Court has also embraced the holding in *Tri-City Construction,* explaining that "where the contract [is] silent as to the locus for arbitration … the location of the arbitration determines subject-matter jurisdiction[.]" (*Northern Indiana Commuter Trans. Dist. v. Chicago Southshore & South Bend R.R.,* 685 NE.2d 680, 695 n.18 (Ind. 1997).)

Like the arbitration agreement at issue in *Tri-City,* which did not specify where the arbitration would take place, the Agreement here provides that the "ADR proceeding shall take place at a location agreed upon by the parties." (Agreement, Exhibit 5.0, ¶ 3.) Accordingly, since the arbitration at issue took place in California, Illinois law holds that the courts of Illinois lack jurisdiction to confirm, modify, or vacate the Final Award.

D. <u>Respondent Cannot Show Good Cause For A Continuance</u>.

Respondent's Application is based on FRCP 6 and Local Rule 230(f), at least the former of which requires good cause be shown for any continuance.

Respondent's Application is void of any showing of actual good cause. Respondent attempts to argue that a continuance will conserve the parties' resources, but such an argument is fundamentally flawed because it is based on the equally faulty premises that the Illinois action will proceed before this one and that this Court will grant Respondent's Motion to Dismiss. As noted above, the Illinois action lacks even a hearing date. Moreover, as noted above, Respondent's Motion to Dismiss is far from a "sure thing" given the premature filing of the Illinois action and the lack of jurisdiction under Illinois law. The proverbial "bottom line" is that Petitioner and Respondent – no matter which action is ultimately decided first – will have to research and brief the merits of the Petition to Confirm and the Motion to Dismiss. Continuing the hearing set for June 7 does nothing more than postpone the inevitable. This Court is in a position to review and decide the merits of both the Petition to Confirm and the Motion to Dismiss on June 7 as scheduled and should deny Respondent's Application.

III

CONCLUSION

For all of the foregoing reasons, Petitioner respectfully requests that the Court deny Respondent's Application for a Continuance.

Dated: May 14, 2010

Respectfully submitted,

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: /s/
Kurt F. Vote
Attorneys for Petitioner
KIM-C1, LLC, a California
limited liability company

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

6

*** OPPOSITION TO RESPONDENT'S APPLICATION FOR CONTINUANCE OF HEARING ***

DECLARATION OF KURT F. VOTE

I, Kurt F. Vote, declare and state as follows:

1. I am a member of the law firm of McCormick, Barstow LLP, attorneys of record for Petitioner. As such, I am an attorney at law duly licensed to practice before this Court, in all courts in the State of California, in the United States District Court for the Northern and Southern Districts of California, and before the United States Supreme Court. Unless qualified, I have personal knowledge of the matters stated hereafter and, if called as a witness, could and would testify competently to the same.

2. I have discussed the status of the Illinois action with Petitioner's Chicago-based counsel. I have confirmed that no trial or hearing date has been set in that matter. In fact, there isn't even a briefing schedule on Respondent's Petition to Vacate the Award. The Illinois court has set a further status conference in that case for May 24, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed by me on this 14th day of May, 2010 at Fresno, California.

/s/_____
Kurt F. Vote

1562489.v1