**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **KIM-C1, LLC,** | ) | 1:10-cv-591 AWI DLB |
| | ) | |
| Petitioner, | ) | **ORDER VACATING JUNE 7,** |
| v. | ) | **2010, HEARING AND ORDER** |
| | ) | **ON RESPONDENT'S MOTION** |
| **VALENT BIOSCIENCES** | ) | **TO DISMISS AND** |
| **CORPORATION,** | ) | **PETITIONER'S MOTION TO** |
| | ) | **CONFIRM ARBITRATION** |
| Respondent. | ) | |
| | ) | (Doc. Nos. 7, 9) |

Currently set for hearing and decision on June 7, 2010, is Respondent Valent Biosciences Corp.'s ("Valent") motion to dismiss. The motion to dismiss contains several motions, including a Rule 12(b)(1) jurisdictional challenge. Also pending for decision is Petitioner Kim-C1, LLC's ("Kim")'s petition to confirm arbitration. Hearing on Kim's petition is set for June 28, 2010. Petitioner opposes the request. The Court has received and reviewed the moving papers with respect to the motion to dismiss. The Court will vacate the June 7, 2010, hearing and instead issues this order that resolves the motion to dismiss, as well as the petition to confirm arbitration.

**BACKGROUND**

The parties entered into a contractual relationship, whereby Valent agreed to buy certain quantities of a unique plant growth regulator from Kim. The contract contains a choice of law clause, a forum selection clause, and an arbitration clause. The choice of law clause designates Illinois law, and the forum selection clause designates Illinois.

A dispute developed, and the parties held arbitration in California. The arbiter generally found in favor of Kim.

Valent challenged the arbiter's decision in the Illinois state courts. Shortly thereafter, Kim filed its petition to confirm arbitration in this Court.

There are several motions currently pending in the Illinois Court, including a motion to vacate arbitration award. Although there seems to be some dispute, there is an indication that the Illinois court intends to rule on some of the motions on or by June 14, 2010.

As discussed above, currently pending in this Court is Kim's motion to confirm arbitration award. Also pending is Valent's motion to dismiss. Included in this motion to dismiss are: (1) a Rule 12(b)(1) motion, (2) a Rule 12(b)(3) motion based on the forum selection clause, and (3) a motion to stay under the *Colorado River* doctrine.

## 12(b)(1) FRAMEWORK

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003); Fifty Associates v. Prudential Ins. Co., 446 F.2d 1187, 1190 (9th Cir. 1970). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolf, 392 F.3d at 362; Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir.

2000); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). The failure to make proper and complete factual allegations of jurisdiction fails to show standing and relegates a litigant to "jurisdictional purgatory." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fifty Associates, 446 F.2d at 1190. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926); Fifty Associates, 446 F.2d at 1190.

**RESPONDENT'S MOTION**

*Respondent's Argument*

Valent argues that Kim's petition alleges that the Court has diversity jurisdiction. In support of its allegation of diversity, Kim only alleges that it is a California LLC with its principal place of business in California. This allegation is faulty since the principal place of business does not determine the citizenship of an LLC. Because Kim has not pled facts that support its claim of diversity, dismissal is appropriate.

*Petitioner's Opposition*

Kim argues that the Court has diversity jurisdiction. The matter in controversy is just under $500,000. Valent is an Illinois corporation, and Kim is organized under the laws of California and has no member or owner who is a citizen of Illinois.

*Legal Standard*

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004); Faysound, Ltd. v. United Coconut Chemicals, Inc., 878 F.2d 290, 295 (9th Cir. 1989). For an individual person, citizenship for diversity purposes requires that the person (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her

permanent home, where she resides with the intention to remain or to which she intends to return." Von Kennel Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004); see Lew, 797 F.2d at 749-50. "[F]or purposes of diversity, residence and citizenship are not the same thing." Seven Resorts v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995); Mantin v. Broadcast Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

"In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). For corporations, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); Kuntz, 385 F.3d at 1182. For unincorporated associations such as limited partnerships, such entities have the same citizenship as each of their members or partners. See Johnson, 437 F.3d at 899; Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 438 (9th Cir. 1992). For limited liability companies ("LLC"), "an LLC is a citizen of every state of which its owners/members are citizens." Johnson, 437 F.3d at 899.

*Discussion*

Dismissal is appropriate. The petition identifies diversity as the basis of jurisdiction, but the facts alleged regarding Kim's citizenship are inappropriate. Kim only alleges that it is incorporated in California and has its principal place of business in California. See Petition ¶ 1. These would be sufficient allegations if Kim were a corporation, but it is an LLC. Kim must make allegations regarding the citizenship of its members/owners in order to properly allege its own citizenship. See Johnson, 437 F.3d at 899; cf. South Shore Ranches, LLC v. Lakelands, LLC, 2009 U.S. Dist. LEXIS 42941, *17-*18 (E.D. Cal. May 13, 2009).

Kim's arguments in opposition rely on extrinsic evidence. However, Valent is making a facial challenge, which means that the Court only looks to the face of the petition in order to determine whether there are sufficient factual allegations to support diversity. See Wolfe, 392 F.3d at 362; Savage, 343 F.3d at 1039 n.2; Thornhill, 594 F.2d at 733. The declaration cannot

save the petition. The petition makes inadequate factual allegations that do not show Kim's citizenship. Thus, the petition does not establish this Court's diversity jurisdiction and dismissal is appropriate. See McNutt, 298 U.S. at 189; Smith, 270 U.S. at 459; Fifty Associates, 446 F.2d at 1190.

**CONCLUSION**

The Petition does not invoke this Court's subject matter jurisdiction. As such, Valent's Rule 12(b)(1) facial challenge must be granted and the petition dismissed. Because this Court's diversity jurisdiction has not been invoked, it is also appropriate to deny Kim's motion to confirm arbitration at this time. It is also unnecessary to address Valent's Rule 12(b)(3) and *Colorado River* abstention arguments, and the Court expresses no opinions on those issues. The Court will dismiss the petition with leave to amend because it is not apparent that amendment would be futile. If Kim chooses to file an amended complaint, it must make appropriate allegations regarding the citizenship of its members/owners.

Therefore, IT IS HEREBY ORDERED that:

1. The June 7, 2010, and June 28, 2010, hearing dates are VACATED;
2. Respondent's Rule 12(b)(1) motion is GRANTED and the petition DISMISSED with leave to amend;
3. Petitioner's motion to confirm arbitration is DENIED without prejudice; and
4. Petitioner may file an amended petition consistent with this order within twenty (20) days of service of this order.

IT IS SO ORDERED.

**Dated:   June 3, 2010**                /s/ Anthony W. Ishii
                                 CHIEF UNITED STATES DISTRICT JUDGE

5